# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **OSMAN JOSE BURGOS JARQUIN,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**MARY DE ANDA-YBARRA, FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, EL PASO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; WARDEN, ERO EL PASO PROCESSING; TODD M. LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S. DEPARTMENT OF HOMELAND SECURITY; MARK WAYNE MULLIN, IN HIS OFFICIAL CAPACITY AS SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; AND TODD BLANCHE, IN HIS OFFICIAL AS ACTING ATTORNEY GENERAL OF THE UNITED STATES,**<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 3:26-CV-02138-LS** |

## MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This is one of more than 700 habeas corpus petitions filed in this Court in which a petitioner seeks release from immigration custody during removal proceedings. Petitioner in this case is a citizen of Nicaragua, in removal proceedings, and has no final order of removal.[1]

---

[1] The parties have not informed the Court that Petitioner became subject to a final order of removal after this lawsuit was filed, nor that Petitioner has been removed or otherwise released. If any of these circumstances occurred, the Court denies the petition as moot. *See Ortez v. Chandler*, 845 F.2d 573, 575

**Habeas Corpus under 28 U.S.C. § 2241**

The primary habeas corpus statute, 28 U.S.C. § 2241, authorizes a petitioner to plead in federal court that he or she is "in custody in violation of the Constitution or laws or treaties of the United States."[2] This Court has jurisdiction over § 2241 claims challenging pre-removal order immigration detention.[3]

**8 U.S.C. §§ 1225 and 1226**

On February 6, 2026, the Fifth Circuit Court of Appeals issued its opinion in *Buenrostro-Mendez v. Bondi*. That opinion is now binding precedent on the district courts in Texas, Louisiana, and Mississippi and forecloses any argument that Petitioner is "in custody in violation of the Constitution or laws . . . of the United States" for want of a bond hearing under 8 U.S.C. § 1226(a).[4] Petitioner, in removal proceedings, is not "clearly and beyond a doubt entitled to be admitted" and is therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).[5]

**Due Process**

On October 23, 2026, the Fifth Circuit Court of Appeals issued its opinion in *Sosnava Rodriguez v. Vergara*.[6] That opinion is now binding precedent on the district courts in Texas, Louisiana, and Mississippi and forecloses any argument that Petitioner's mandatory detention under § 1225(b)(2)(A) violates any due process right.

(5th Cir. 1988) (holding that a habeas petition becomes moot when the habeas relief requested "can no longer be effected").

[2] 28 U.S.C. § 2241(c)(3).

[3] *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (assuming jurisdiction over, and reversing and remanding, district court orders granting § 2241 challenges to pre-removal order detention); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Having determined that the federal courts have jurisdiction to review a constitutional challenge to [a different section of 8 U.S.C. § 1226] . . . .").

[4] *Buenrostro-Mendez*, 166 F.4th at 498 (reversing district court orders granting § 2241 habeas petitions seeking bond hearings and release under 8 U.S.C. § 1226(a)(2)).

[5] *Id.* ("[W]e conclude that the government's position is correct" that petitioners "shall be detained" under 8 U.S.C. § 1225(b)(2)(A) during their removal proceedings because neither showed they were "clearly and beyond a doubt entitled to be admitted").

[6] *Sosnava Rodriguez v. Vergara*, No. 26-50183, slip op. at 31 (5th Cir. Oct. 23, 2026) (en banc).

**Administrative Procedure Act and *United States ex rel. Accardi v. Shaughnessy***

Petitioner's APA and/or *Accardi* claim fails because, after *Buenrostro*,[7] 8 U.S.C. § 1225(b)(2)(A) mandates Petitioner's detention during removal proceedings. There is, then, no final unlawful agency action for this court to review[8]—the statute controls.

**Fourth Amendment**

The only issue in a habeas corpus proceeding under 28 U.S.C. § 2241 is the legality of a petitioner's detention. A district court has no jurisdiction to review any claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders,"[9] and claims regarding a petitioner's arrest arise from the decision to commence proceedings.[10] Finally, a claim asserting an alleged Fourth Amendment violation has no bearing on the legality of detention pending removal or during removal proceedings.[11] Petitioner is properly detained under 8 U.S.C. § 1225(b)'s mandatory detention provisions.

**Conclusion**

The petition for a writ of habeas corpus [ECF No. 2] is **DENIED**. Any and all pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE THE CASE**.

---

[7] *Buenrostro-Mendez v. Bondi*, 166 F.4th at 498.

[8] *See* 5 U.S.C. § 706(2) (a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law").

[9] 8 U.S.C. § 1252(g).

[10] *See Foster v. Townsley*, 243 F.3d 210, 214–15 (5th Cir. 2001) (holding that the plaintiff's "claims of excessive force, denial of due process, denial of equal protection, and retaliation" all arose from INS agents' decision to execute his removal order and were barred under § 1252(g)); *Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) ("Securing an alien while awaiting a removal determination constitutes an action taken to commence proceedings.").

[11] *See I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984) (concluding that whether an illegal arrest occurred had no bearing on the plaintiff's subsequent deportation proceeding and stating that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred"); *Men Keng Chang v. Jiugni*, 669 F.2d 275, 279 (5th Cir. 1982) (holding that the appellant could not complain of his arrest in a habeas petition because "an illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction" (quoting *United States v. Crews*, 445 U.S. 463, 474 (1980))).

**SO ORDERED**.

**SIGNED** and **ENTERED** on October 28, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**